In re Robert R. BUSHEE, Sr., Debtor.

Patricia BUSHEE, Plaintiff,

v.

Robert R. BUSHEE, Sr., Defendant.

Bankruptcy No. 96–12625.
Adversary No. 96–1132.

United States Bankruptcy Court,
D. Rhode Island.

July 30, 1997.

Jeffrey C. Blake, Hope Valley, RI, for Debtor/Defendant.

Geoffrey A. Regan, Kirshenbaum & Kirshenbaum, Cranston, RI, for Plaintiff.

---

1. The parties agree that the debt in question is not in the nature of alimony, maintenance, or

*OPINION AND ORDER: (1) DETERMINING DEBT TO BE PARTIALLY DISCHARGED; (2) ORDERING THE TURNOVER OF PROPERTY; AND (3) REQUESTING ADDITIONAL BRIEFS ON LIEN AVOIDANCE ISSUE*

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on Patricia Bushee's Complaint to determine the dischargeability of a debt based on a marital settlement agreement with her former husband, the Debtor. At issue is whether the Debtor's obligation to pay his former wife $30,000 as an "equitable distribution" (see Plaintiff's Ex. A, Marital Settlement Agreement, ¶ 9), is nondischargeable under 11 U.S.C. § 523(a)(15).[1] The Plaintiff urges that we not follow *Dressler v. Dressler (In re Dressler)*, 194 B.R. 290 (Bankr.D.R.I.1996), wherein Judge Haines, sitting by designation, held that "the § 523(a)(15) plaintiff bears the burden of production and proof on all elements of dischargeability." *Id.* at 303–04. She suggests, without supporting authority, that the burden of proof should be with the Debtor/Defendant, and that by applying that standard in this case, the debt in question would not be discharged.

## DISCUSSION

■ To resolve disputes under the "ability to pay" provision of 523(a)(15)(A), courts often refer for guidance to the disposable income test contained in Section 1325(b)(2). *Dressler* at 304. "Section 523(a)(15)(A)'s language 'essentially mirrors' that of 1325(b)(2) and the disposable income test enables the court to determine what funds are available to the debtor to pay the obligations after deducting 'reasonably necessary' expenses." *Id.* The only evidence in this case concerning the Debtor's income and expenses is the information in Schedules I and J, which reveals net monthly income of $2,233.16 and expenses of $2,660.74. The Plaintiff does not challenge the accuracy of the Debtor's re-

support, and that 11 U.S.C. § 523(a)(5) is not applicable.

ported income or claimed expenses, nor do we find the numbers unrealistic or unacceptable. Mr. Bushee's expenses exceed his monthly income by $427.58, which is not far from the $430 monthly payment required under the $30,000 equitable distribution obligation at issue.

■ In the absence of any reason not to follow *Dressler*, we conclude that the Plaintiff has not met her burden under Section 523(a)(15), which excepts from discharge a debt:

> not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation agreement or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit *unless*—
>
>> (A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or
>>
>> (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor;

11 U.S.C. § 523(a)(15) (emphasis added). *See Dressler*, 194 B.R. at 299–304 (providing a detailed analysis of Section 523(a)(15), which was added to the Code in 1994). Judge Haines discussed at length the burden of proof under the section, analyzed the case law, and concluded that the burden remains with the plaintiff as to all elements of the case in chief.[2] 194 B.R. at 301–04. In light of the respective financial condition of the parties, we find, using the disposable income test, that the Debtor does not have the present ability to pay this obligation.

The Plaintiff also argues that the Debtor has property that can be liquidated to pay all or part of the $30,000 obligation—namely savings bonds and a 1989 motor home. While the Plaintiff offered no evidence as to the value of these items, it appears from the Debtor's schedules that the savings bonds are worth $9,100 and that the value of the motor home is approximately $17,000. See Schedule B. Ms. Bushee is disabled and not capable of gainful employment, *see* Joint Pre–Trial Order at p. 1, and her sole source of income is from disability benefits and $225 per week in alimony paid by Mr. Bushee, who earns over $36,000 per year. Based on these figures, we find that the savings bonds are not necessary for Mr. Bushee's maintenance or support, and that allowing him to retain this asset would confer a benefit on him that outweighs the detrimental consequences to his former wife. Mr. Bushee has had the same job for twenty-two years, which affords him a sense of financial security that Ms. Bushee does not enjoy, given her inability to work.

As for the motor home, however, the Plaintiff has failed to establish that this property is not necessary for the maintenance or support of the Debtor. Mr. Bushee lives in the motor home, it clearly is not a luxury item, and is necessary for his own maintenance and support. Considering the totality of circumstances, we find that the Plaintiff has not met her burden under Section 523(a)(15)(A) with regard to this item.

Accordingly, the Debtor is ORDERED to deliver the savings bonds, or their equivalent monetary value, to the Plaintiff forthwith. The balance of the debt in question is determined to be DISCHARGED.

Also before us is the Debtor's Motion to avoid a lien held by Mrs. Bushee on the motor home. In considering this issue, the Court requires additional memoranda and authority as to whether the lien in question[3] is judicial or consensual, and neither party

---

2. While we do not decide the issue, it should not be implied that the result herein would be different if the burden of proof were with the Debtor on the Section 523(a)(15) question.

3. I.e., where the lien is created by and is part of a marital settlement agreement.

has addressed the question.[4]  We also invite and request discussion as to the relevance of lien avoidance, when, as here, the underlying debt for the security has been discharged. Supplemental memoranda on these issues should be filed within 15 days.

Enter Judgment consistent with this opinion.

---

4.  On the facts before us it appears that Mrs. Bushee has a consensual lien in the motor home, and we are aware of no authority that would allow the avoidance of such a lien.  Therefore Mr. Bushee is forewarned that the onus is on him to demonstrate by what process the lien is avoidable.